WEBER et al. v. ALABAMA–CALIFORNIA
GOLD MINES CO. et al.
No. 9750.

Circuit Court of Appeals, Ninth Circuit.

July 11, 1941.

664

Chas. L. Gilmore, of Sacramento, Cal., for appellants.

Allen, Froude & Hilen, of Seattle, Wash., and Butler, Van Dyke & Harris and B. F. Van Dyke, all of Sacramento, Cal., for appellees.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Appellants H. C. Weber and Sherwell G. Weber brought an action to quiet title to an interest in mining property. Appellant Shupak also brought an action to quiet title to another interest in such property. Each action was brought against the corporate appellee and Anderson. Anderson did not defend the actions, which were tried together. Judgments were entered for the corporate appellee. Hence this appeal.

In December, 1932, Anderson, Shupak, and one Mark U. Weber held a meeting, and it was decided that Anderson would go to Arizona to examine some mining property there. Subsequently Anderson went to Arizona, and on his trip back examined a mine near Sacramento, California, known as the Alabama mine. At that time, there were six owners of the rights in such mine subsequently acquired in the name of Anderson. Anderson, Shupak and Weber decided to lease the property. The lease and bond, as the conveyance has been called, was executed on May 15, 1933, to Anderson alone, at the request of Shupak and Mark Weber.

The lease and bond provided that before the vendors could declare a forfeiture thereof, they must give the vendee 30 days' written notice. The mine was thereafter operated under the supervision of Anderson. Anderson, Shupak, Mark Weber, and the appellants Weber contributed money for the operation of the mine. All money contributed by the parties mentioned, and all money derived from the operation of the mine, were expended in such operations. In addition, on July 3, 1933, when mining operations ceased, debts in the amount of $2,540.41 were outstanding, and royalties were due to the above-mentioned owners, under the lease and bond.

Anderson testified that the lease and bond was cancelled by oral agreement in September, 1933. There is no other testimony regarding the subject, except that of Phillips. Phillips, who was one of the owners, testified that there was no "written" notice of cancellation given, but did not testify as to whether the lease and bond was orally cancelled. Avena, another owner, testified but his testimony did not bear on the question as to whether or not the lease and bond was orally cancelled.

Thereafter, the corporate appellee was organized to acquire the property. A new lease and bond was made to Anderson on January 5, 1934, and subsequently the corporate appellee succeeded to Anderson's interest.

The court below found that the lease and bond executed on May 15, 1933 was "cancelled by reason of the default of said five persons in failing to comply with their obligations thereunder * * * ". The finding itself might have been clearer. After a review of the evidence, we think that the court below did not mean that the owners arbitrarily cancelled the lease because of Anderson's default. In the light of the evidence, it could only have meant that since Anderson was in default, the parties mutually agreed on the cancellation.

Appellants contend that such finding is not supported by the evidence. The applicable rule is: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses". Federal Rules of Civil Procedure, Rule 52(a), 28

U.S.C.A. following section 723c. Since there is no conflict in the evidence, the question is whether Anderson's testimony should be believed. The trial court believed it, and after giving due regard to the opportunity of the trial court to judge of the credibility of witnesses, we think the finding mentioned is not clearly erroneous.

Appellants contend that cancellation could not be made without the giving of the notice required by the lease and bond. We think the law in California is contrary. "An executory contract may be rescinded, abandoned, or terminated, either wholly or in part, by the mutual consent of the respective parties at any stage of their performance". Sanborn v. Ballanfonte, 98 Cal.App. 482, 277 P. 152, 155.

Since the lease and bond was cancelled by oral agreement, appellants' interests in the property terminated upon such cancellation. It is unnecessary, therefore, to consider the many other questions discussed by appellants.

Affirmed.